McNABB (CALLER v.). See Case No. 2,322.

## Case No. 8,907.

### In re McNAIR.

[2 N. B. R. 219 (Quarto, 77).] [1]

District Court, D. North Carolina. 1868.

BANKRUPTCY—WITNESS FEES.

A bankrupt summoned by creditor to appear as witness is not entitled to witness's fees.

[Cited in Re Paddock, Case No. 10,658.]

The following question arose, and was stated and agreed to by John D. Shaw, for bankrupt, and John W. Hinsdale, for J. J. Gilchrist, creditor, viz.: "Is a bankrupt attending before the court of bankruptcy for examination, entitled to the fees of a witness?"

The facts are: On the 6th day of May, 1868, Neill A. McNair, the above bankrupt, was ordered to appear before me at Fayetteville, N. C., on the 22d day of May, 1868, to be examined touching his said bankruptcy. In obedience to said order, on the said 22d day of May, the said bankrupt appeared before me, and was on examination two days. At the close of his examination the said bankrupt demanded of J. J. Gilchrist, the creditor, upon whose application the order for examination was issued, the usual fees allowed to witnesses attending the federal courts, which demand the said creditor declined to recognize, raising the question through his attorney, John W. Hinsdale, whether a bankrupt attending before courts of bankruptcy for examination, is entitled to the fees of a witness, when he is ordered to appear to be examined relative to any matter concerning his bankruptcy.

BROOKS, District Judge. At Elizabeth City, in the district of North Carolina, on the 5th day of October, 1868, this question is considered, presented by the certificate of Mr.

Register Guthrie, of the 23d May, 1868: Is a bankrupt, when ordered to appear for examination in regard to his bankruptcy, at the instance of a creditor, entitled from such creditor to fees, as any other witness would be entitled to recover, for such attendance? I do not doubt as to the proper answer to be given to this question. The bankrupt summoned, or ordered, at the instance of a creditor, to be examined in reference to his bankruptcy, is not entitled to any compensation or fees for complying with such order from such creditor. Such a party does not stand as any other witness would, but he is expressly made subject to the order of the court, to be examined, when and where the court may direct, not as an ordinary witness, but it is one of the conditions that he shall do this if required; which entitles him to his discharge in the end, if no fraud is found against him.

