**In re Tarek Z. MOGHRABI, Debtor.**

**Lili MOGHRABI, Plaintiff,**

v.

**Tarek Z. MOGHRABI, Defendant.**

**Bankruptcy No. 95–14635.**
**Adv. No. 96–1058.**

United States Bankruptcy Court,
N.D. Ohio,
Eastern Division.

June 26, 1996.

Terry L. Starnke, Cleveland, Ohio, for plaintiff.

Alexander Jurczenko, Cleveland, Ohio, for defendant.

## MEMORANDUM OF OPINION AND ORDER

RANDOLPH BAXTER, Bankruptcy Judge.

This adversary proceeding is before the Court on the Plaintiff's Motion to Compel Discovery. Plaintiff seeks an order compelling Defendant to appear for a deposition *duces tecum*. Defendant argues that he is not required to appear for the deposition unless and until Plaintiff provides the appropriate fees and other costs as provided for under 28 U.S.C. § 1821. Further, Defendant alleges that he need not comply with the *duces tecum* request as such is duplicative of that discovery that has occurred in a divorce proceeding between these two parties.

Bankruptcy Rule 4002 sets forth duties of the Debtor. Thereunder, the Debtor shall "(1) attend and submit to an examination at the times ordered by the court; (2) attend the hearing on a complaint objecting to discharge and testify if called as a witness ... (5) file a statement of any change of the debtor's address."

Bankruptcy Rule 2004 addresses examinations and the provision of mileage and fees. Thereunder, Rule 2004(e) provides that debtor shall be provided a mileage fee only, and such mileage fee is subject to further conditions:

> [i]f the debtor resides more than 100 miles from the place of examination when required to appear for an examination under this rule, the mileage allowed by law to a witness shall be tendered for any distance more than 100 miles from the debtor's residence at the date of the filing of the first petition commencing a case under the Code or the residence at the time the debtor is required to appear for the examination, whichever is the lesser.

B.R. 2004(e).

The Debtor herein, at the time of filing his petition, resided in Parma, Ohio. Counsel

represented to the Court that subsequent to the filing date, Debtor voluntarily moved to Seattle, Washington for the sole purpose of "getting away from" Plaintiff. Debtor failed to provide notice to the this Court of his change of address as required by Bankruptcy Rule 4002(5).

Title 28 U.S.C. § 1821 does provide for fees and allowances to be provided to a witness in conjunction with the taking of a deposition "[e]xcept as otherwise provided by law ..." 28 U.S.C. § 1821(a). Bankruptcy Rule 2004, while not squarely applicable to depositions in adversary proceedings, clearly indicates Congress' aversion to providing fees to a debtor that has come into the Bankruptcy Court seeking relief and then removes himself from the jurisdiction or venue of the Court in which he first sought relief. Indeed, in the case of *In re McNair*, 16 F.Cas. 315, 2 N.B.R. 219, No. 8907 (D.N.C.1868), the District Court of North Carolina expressed this concern succinctly:

> [A bankrupt] does not stand as any other witness would, but he is expressly made subject to the order of the court, to be examined, when and where the court may direct, not as an ordinary witness, but it is one of the conditions that he shall do this if required; which entitles him to his discharge in the end, if no fraud is found against him.

*Id.*

■ Bankruptcy law contains some peculiarities as a result of its broad incorporation of the Federal Rules of Civil Procedure. Although it has adopted Rule 30 of the Federal Rules of Civil Procedure for use in adversary proceedings, the creditor also has access to Bankruptcy Rule 2004 notwithstanding that an adversary proceeding is pending. To ignore the clear provision of 2004 regarding fees because a creditor has chosen one form of oral examination over another places form over substance. Clearly, when one enters the Bankruptcy Court seeking relief from debts, he has subjected himself to be examined by creditors, and Congress has clearly indicated that in such a case, the Debtor is not entitled to fees. Title 28 U.S.C. § 1821 applies "[e]xcept as otherwise provided by law ..." 28 U.S.C. § 1821(a). Bankruptcy

Rule 2004 clearly satisfies the exception to § 1821. Bankruptcy Rule 2004(e) provides that a debtor only recover mileage under certain conditions.

■ In this case, the Debtor voluntarily subjected himself to this Court's jurisdiction in order to obtain a discharge of some $70,-000.00 of debt. He voluntarily removed himself thousands of miles away even though this and at least one other lawsuit were still pending here in northern Ohio. Consistent with the thrust of the Bankruptcy Rules, the Debtor cannot shift or create costs of litigation in a case initiated by him to the Plaintiff/creditor herein and, in essence, make the dischargeability action cost prohibitive to the creditor. To permit such a result is inconsistent with the two-fold purpose of the bankruptcy law: (1) to provide an honest debtor with a fresh start and (2) to insure that the debtor's creditors receive an equitable dividend from the bankruptcy estate. *Local Loan Co. v. Hunt*, 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230 (1934). The record indicates that Debtor does not meet the conditions entitling him to recovery of mileage costs in this case.

Plaintiff's motion is granted. Defendant is ordered to appear for deposition on or before July 19, 1996, at his own expense, at a time and place specified by Plaintiff's counsel. Further, in as much as Plaintiff properly subpoenaed documents from Defendant, such are to be produced on or before July 19, 1996 at a time and place specified by Plaintiff's counsel. Defendant did not substantiate his argument that such production is duplicative of that made in another proceeding. Finally, Debtor is ordered to provide notice of his change of address to the Court within 10 days from the entry of this Order.

IT IS SO ORDERED.